### ELLIOTT v. CANADIAN PACIFIC RY. CO.

#### (Circuit Court, D. Vermont. April 5, 1904.)

1. MASTER AND SERVANT—RAILROADS—CAR INSPECTORS —WRONGFUL DEATH— QUESTION FOR JURY.

   In an action for the wrongful killing of a car inspector by his being run over by a car started by other cars violently switched against the same, evidence as to defendant's negligence held to present a question for the jury.

2. FELLOW EMPLOYÉS—INCOMPETENCY.

   Where, in an action for wrongful death of a car inspector, it was claimed that his injuries resulted from the negligence of an incompetent brakeman, evidence tending to show that the person acting for defendant in employing such brakeman shortly before the accident was the brakeman's cousin, and that he had doubt as to the brakeman's proper command of himself when braking cars, he not having been so previously employed, was sufficient to justify a finding that defendant was negligent in employing such brakeman.

3. SAME—CONTRIBUTORY NEGLIGENCE.

   Where, before going in front of a car to test the knuckle of a coupling, a car inspector saw an engine and certain other cars a considerable distance away, and if they had been moved at the ordinary speed of cars in switching they could not have reached the car he was inspecting until long after he had accomplished his object, he was not guilty of contributory negligence as a matter of law in placing himself in front of the car, which might be run against and over him.

4. SAME—FEDERAL COURTS—DEFENSES.

   In an action for wrongful death in the federal courts, contributory negligence is a matter of defense, unless the proof shows an absolute act of negligence so plain that the minds of reasonable men would not differ concerning it.

5. SAME—PLEADING.

   In an action in the federal courts for wrongful death, the declaration need not allege absence of contributory negligence.

6. SAME—OBJECTIONS AFTER VERDICT.

   Where the gist of an action for the wrongful death of a car inspector was the running of several cars without control, by an incompetent brakeman, and the declaration alleged the running of such cars against other cars, without any proper control, at a high rate of speed, on a down grade, in charge of but one inexperienced and incompetent brakeman, so negligently, and without proper control, that plaintiff's intestate was suddenly thrown violently down under the car which he was so inspecting, dragged for a long distance, and then killed, it was sufficient as against a motion in arrest of judgment.

---

¶ 5. See Death, vol. 15, Cent. Dig. § 62.

**7. SAME.**
> Rev. St. § 954 [U. S. Comp. St. 1901, p. 696], provides that no declaration shall be quashed for any defect or want of form, but that the court shall give judgment according as the right shall appear, without regarding any such defect, except those specially set down as grounds of demurrer, and that the court shall amend every such defect other than those specially demurred to, and may at any time permit the pleadings to be amended. *Held*, that where no objection was made to the declaration until the close of the evidence, and everything that defendant claimed should have been alleged was proved, and the jury found the facts in favor of the plaintiff, a judgment on the verdict will not be set aside for defects in the declaration.

At Law. On motions to set aside a verdict in favor of plaintiff and in arrest of judgment. Motions denied.

Max L. Powell and Wilder L. Burnap, for plaintiff.
Frank E. Alfred and William B. C. Stickney, for defendant.

WHEELER, District Judge. The plaintiff's intestate was a car inspector employed in the defendant's yard at Richford, which was on an unusual grade for a railroad yard. He went to the lower end of one of two cars standing on one of the tracks, and held by a brake, for the purpose of testing the knuckle of the coupling, which would take but a few seconds. Five heavily loaded cars were sent down the same track toward these two at a rapid rate, struck them, pushed them along, and ran them over him and killed him. This suit is brought for that cause of his death; and since the verdict the defendant has moved to set it aside as against the evidence, and moved an arrest of judgment for the insufficiency of the declaration. The ground upon which the plaintiff recovered was the inefficiency of the brakeman on the five cars whereby the death was caused.

The intestate was entitled to a reasonably safe place in which to work, and to reasonably competent and safe fellow workmen. One principal ground for setting aside the verdict relied upon is the lack of sufficient evidence of the incompetency of the brakeman to the knowledge of the defendant. The grade of the yard made it a difficult place for switching cars in making up trains. Whatever lack of safety there was about that would be well known to the intestate, who had been employed there for some years; but the grade of the yard, according to the evidence, required a more experienced and efficient brakeman than an ordinary yard would. The proof tended to show that the brakeman had no proper control of the five cars; that they ran at two or three times the usual speed for cars being switched in that way, and drove against the two cars with great force, and thereby sent them along the track. This was contradicted, but the effect of it was for the jury.

An important requisite was the control of the cars, which would include the control by the brakeman of himself. The evidence tended to show that one who acted for the defendant in employing this brakeman then lately before, was a cousin of the brakeman who had not before been employed as such, was acquainted with him, and had some doubt as to his proper command of himself when braking on the cars. This was a very important matter for a brakeman who

was to do what this brakeman was doing at the time when the intestate was killed.   Lack of control of himself would be a very serious defect in the ability of a brakeman to properly control cars in such connections.   The evidence in regard to that seemed at the trial to be sufficient to lay before the jury as to the competency of the brakeman, and seems so now.   The question is not as to how the court would find the fact, but as to whether there was enough from which the jury might find the fact, and there seems to have been enough.   This brought the defect to the attention of those acting for the company in employing this brakeman, and tends to show that the company was aware of his actual capacity such as it was. This is a little different from what it would have been if a competent brakeman had grown incompetent.   Here the question was as to hiring a suitable brakeman, which would involve proper inquiry as to his capacity.   There the question would be as to notice of the failure of capacity.

Another question made is as to contributory negligence of the intestate.   It is argued that he placed himself at the end of the car, which might be run against and pushed over him.   Unless this was so plain that there could be no question about it in the minds of reasonable men, it would be a question for the jury, and the circumstances were such that there might well be such a question. The testing of the knuckle would involve so short a time that he could easily do it and move away before any cars which were in sight would reach the two cars at the ordinary rate of speed for switching cars.   If these cars were sent at twice the usual speed, he would only have one-half the usual time; if at three times the usual speed, he would have only one-third the usual time.   The coming so much quicker than he expected may have misled him into going there and remaining long enough for testing the knuckle. The switch engine and the five cars were away up the track.   At the ordinary speed of cars in switching, according to some witnesses, they would move but a few feet—about seven or eight—in a second, which would give many more seconds before they would reach there than were necessary to accomplish his object.   This is a matter of defense in this court, which could not be taken from the jury unless it was an absolute act of negligence, and could not apparently be properly disposed of without being submitted to the jury as it was. The motion to set aside the verdict as being against the evidence must, according to these views, be denied.

The principal fault found with the declaration is the lack of allegations of the incompetency of the brakeman to the knowledge of the defendant and without the knowledge of the intestate.   As contributory negligence is in this court a defense, no allegation of want of knowledge or proper conduct on the part of the intestate was necessary.   It would be sufficient to allege in the proper manner the defect in the brakeman, whereby the injury resulting in death was caused.   The declaration alleges the running of the five cars against the two cars negligently, "without any or proper control, at a high rate of speed, on said down grade, alone and free from any locomotive or engine, and in charge of an insufficient and of

but one inexperienced and incompetent brakeman, * * * and so negligently, improperly, imprudently, and without control that the plaintiff's intestate was suddenly, helplessly, and without fault on his part thereby struck, thrown violently down, and thrown under said car, which he was so inspecting, and dragged for a long distance, to wit, ninety feet, by means whereof he was then and there killed." This is not a technical, artificial, and apt statement of the insufficiency of the brakeman, whereby the intestate was struck. The question is not as to the correctness, accuracy, and fullness of the averments, but whether in any, even defective, manner, the substance of what is necessary to a right of recovery is set out. The running of the five cars was, of course, the act of the defendant. The running them in charge of an insufficient, inexperienced, and incompetent brakeman would involve knowledge of the incompetency such as would make the defendant responsible for the act of the incompetent man. The gist of the action was the running of the five cars without control of any but an incompetent brakeman. Whatever charged that was a sufficient charge of that negligent act, and in that view the declaration seems, upon this motion in arrest of judgment, to be sufficient to found a judgment upon.

The statute of jeofailes applicable (section 954, Rev. St. [U. S. Comp. St. 1901, p. 696]) provides that no summons, writ, declaration, return, etc., shall be abated, arrested, or quashed for any defect or want of form, but the court shall give judgment according as the right of the cause and matter in law shall appear, without regarding any such defect or want of form except those which in cases of demurrer the party especially sets down, and the court shall amend every such defect and want of form other than those the party demurring so expresses, and may at any time permit either of the parties to amend any defect in the process or pleadings upon such conditions as it may prescribe.

This saves everything to the party that can be saved. This declaration was not challenged by any demurrer, special or otherwise, and no point was made upon it until the close of the evidence in the case. It seems to, although in a somewhat defective manner, have stated sufficient of the grounds of the cause of action to warrant the taking of a verdict. Upon the submission of the case to the jury everything that defendant now claims should have been alleged was laid before the jury, who have found the facts for the plaintiff, and judgment on the verdict now would conform to the requirements of that statute.

Motions overruled. Judgment on verdict.